Dean G. VANNEST, Howard O. Colwell, Ruth F. Davis, George C. Gordon, Jr., Maureen V. Cooper–Jones, Hope Welliver, Katalin M. Jenney, Marjorie Post Leary, Raymond N. Leroy, John M. McGuire, Elizabeth W. Pine and Nancy Gordon Vandivert, Karpus Investment Management, Inc., Plaintiffs–Appellants,

v.

PNC BANK, National Association, Defendant–Appellee,

Sage, Rutty & Co., Inc., Defendant.

No. 01–7149.

United States Court of Appeals, Second Circuit.

Dec. 6, 2001.

Edward M. Larkin, Jaeckle Fleischmann & Mugel, Rochester, NY, for appellants.

Alexander Geiger, Geiger & Rothenberg, Rochester, NY, for appellee.

Present KEARSE, CALABRESI, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Western District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiffs Dean G. VanNest *et al.*, participants in a Limited Partnership Agreement, appeal from so much of a judgment of the United States District Court for the Western District of New York, David G. Larimer, *Chief Judge*, as dismissed their claim against defendant PNC Bank, National Association ("PNC" or the "Bank"), for breach of a related Escrow Agreement. The district court granted summary judgment in favor of PNC because the Bank acted in accordance with the Escrow Agreement as amended by the Limited Partnership's general partner, Kenver Assurance Corporation of America ("Kenver"). On appeal, plaintiffs argue that Kenver did not have authority to amend the original Escrow Agreement and that PNC owed the investors a fiduciary duty to return their money under the terms set out in the original Escrow Agreement. For the reasons that follow, we affirm.

The Limited Partnership Agreement and the Certificate of Limited Partnership were filed with the Commonwealth of Pennsylvania on August 1, 1986. The original Escrow Agreement was executed on August 15, 1986, by Kenver on behalf of the Partnership and by PNC. Thereafter, plaintiffs signed a Subscription Agreement; that document stated that, by signing the Subscription Agreement, each investor agreed to the Limited Partnership Agreement. The Limited Partnership Agreement was between Kenver as the general partner and the individual investors as limited partners. Article 9.1.4 of the Limited Partnership Agreement granted Kenver the power to "execute, sign and deliver in furtherance of any or all of the purposes of the Partnership, any and all agreements, contracts, documents, certifications, subscriptions and other instruments necessary or convenient in connection with the business of the Partnership; all of which may contain such terms, provisions and conditions, subject to the terms of the Agreement, as the General Partner, in its sole and absolute discretion shall deem appropriate." We see no error in the district court's conclusion as a matter of law that the Limited Partnership Agreement gave Kenver authority to sign the

amended Escrow Agreement in November 1986. Even if Kenver lacked actual authority to enter into the amendments to the Escrow Agreement, PNC was entitled to rely on Kenver's apparent authority. Given that there is no contention that the Bank failed to comply with the terms of the Escrow Agreement as ultimately amended, we conclude that the complaint against PNC was properly dismissed.

We have considered all of plaintiffs' contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.